IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDSAY RAE HICKEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 19-1571 |
| | ) |
| ANDREW SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 30th day of September, 2020, upon consideration of the parties' cross motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues that the Administrative Law Judge ("ALJ") erred in failing to sufficiently develop the record and in formulating her residual functional capacity ("RFC"). The Court

1

disagrees and instead finds that substantial evidence supports the ALJ's finding that Plaintiff is not disabled.

Plaintiff argues that the ALJ violated her right to due process by failing to keep the record open so that she could submit evidence of her book review blog. Plaintiff asserts, as she did at the hearing, that her testimony regarding this blog made relevant evidence establishing the nature of the content of the blog and that the ALJ therefore erred by refusing to keep the record open so as to allow for the submission of one or two sample entries from the blog. (R. 506-08). Plaintiff is correct, of course, that an ALJ has a duty to develop a full and fair record in a social security case. See Ventura v. Shalala, 55 F.3d 900, 902 (3d Cir. 1995); Carmichael v. Barnhart, 104 Fed. Appx. 803, 805 (3d Cir. 2004); 20 C.F.R. § 416.912(b)(1). However, the Court finds that the ALJ fulfilled her duty to do so here.

The relevance of Plaintiff's book blog to the ALJ's decision was primarily the amount of time she devoted to it and the fact that she worked on it on a regular basis. The actual content of her book reviews was not discussed and was not really relevant to the ALJ's analysis. (R. 459, 464, 464, 466). The ALJ's discussion of the blog was based entirely upon, and was completely consistent with, Plaintiff's own testimony. She discussed the blog largely in the context of discussing Plaintiff's other activities of daily living. Plaintiff attached to her brief an example of the evidence she would have sought to introduce, and it essentially does no more than corroborate Plaintiff's own hearing testimony describing the nature of the reviews. Indeed, it is not clear what Plaintiff believes this evidence would show that would have warranted its admission given that it is consistent with her own description of her blog. Under these circumstances, the ALJ was well within her discretion in not keeping the record open for the submission of this evidence, and she fulfilled her duty to develop the record.

As to Plaintiff's claim that substantial evidence does not support the ALJ's RFC findings, she is essentially asking the Court to adopt her own analysis as to how the ALJ should have analyzed the relevant evidence. However, if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently. See Monsour Med. Ctr. v. Heckler, 806 F.2d 1185, 1190-91 (3d Cir. 1986); Berry, 738 F. Supp. at 944 (citing Cotter, 642 F.2d at 705). Moreover, "[t]he presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that decision." Malloy v. Comm'r of Soc. Sec., 306 Fed. Appx. 761, 764 (3d Cir. 2009).

The ALJ very thoroughly discussed all of the record evidence, including the objective medical evidence, Plaintiff's treatment history, her activities of daily living, and the various opinions as to her functional capacity. She expressly explained how she factored the evidence in determining the proper restrictions to include in the RFC. The Court further notes that the reason for the prior remand from the District Court was for the ALJ to more fully articulate why she gave significant weight to the opinion of the state reviewing agent, Jennifer Meyer, Ph.D., but did not account for certain limitations contained in Dr. Meyer's opinion. (R. 546). The ALJ did just that. As the District Court noted, "[c]ertainly the ALJ is not required to accept Dr. Meyer's

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 8) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 10) is GRANTED.

s/ Alan N. Bloch
United States District Judge

ecf:    Counsel of record

---

opinion at all, much less do so wholesale." (Id.). Upon remand, the ALJ explained why she afforded the weight that she did to all of the opinions, including that of Dr. Meyer's, and clearly articulated how these opinions contributed to the formulation of the RFC.

To the extent that Plaintiff suggests that a medical advisor was needed for the ALJ to formulate Plaintiff's RFC, the Court notes that such a determination is within the province of the ALJ. See Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011) (holding that "[t]he ALJ – not treating or examining physicians or State agency consultants – must make the ultimate disability and RFC determinations"); Titterington v. Barnhart, 174 Fed. Appx. 6, 11 (3d Cir. 2006) (observing that "[s]urveying the medical evidence to craft an RFC is part of an ALJ's duties"); Mays v. Barnhart, 78 Fed. Appx. 808, 813 (3d Cir. 2003); 20 C.F.R. §§ 416.927(d)(2), 416.946(c); SSR 96-5p, 1996 WL 374183 (S.S.A.) (July 2, 1996). The ALJ's discussion of how she made the determination here was more than sufficient, and the Court holds that substantial evidence supports her findings.

Accordingly, for the reasons set forth herein, the Court affirms.